IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CRESENCIO ROSALES,<br><br>    Defendant.<br>_____ / | CR 01-423-05 JSW<br>(No. C 06-03239 JSW)<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

## INTRODUCTION

On March 25, 2008, the Honorable Martin J. Jenkins denied, in part, the motion to vacate, set aside, or correct sentence filed by Crescenio Rosales ("Movant"), and ordered an evidentiary hearing to resolve an issue as to whether Movant asked his trial counsel, Daniel Horwoitz, Esq., to file an appeal. On August 22, 2008, after this matter was reassigned to the undersigned, the Court held the evidentiary hearing. Movant appeared and was represented by Laura Robinson and was assisted by a Spanish interpreter. AUSA Barbara Silano appeared for the Government. Mr. Horowitz, testified, as did Movant. There were no other witnesses.

Having considered the parties' papers, the record in this case, relevant legal authority, and having had the benefit of oral argument, for the reasons set forth in the remainder of this Order, the Court HEREBY DENIES the motion.

## BACKGROUND[1]

On February 24, 2005, entered a plea pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). That agreement contained the following provisions:

> 4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal my sentence. I further agree to waive any venue defenses I may have in this case.
>
> 5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to effective assistance of counsel was violated.

(Gov. Ex. 1.)[2]

Mr. Horowitz testified that he and Movant had, during their discussions regarding the plea agreement, discussed the waiver of the right to appeal, which had posed an impediment to Movant accepting the plea. However, Mr. Horowitz testified that, after Movant accepted the plea, Movant did not ask him to file an appeal. Mr. Horowitz also testified that he reviewed paragraphs 4 and 5 of the Plea Agreement with Movant before he entered the plea. Mr. Horowitz also testified that he advised Movant of his rights to bring a claim for ineffective assistance of counsel in the context of reviewing the meaning of paragraph 5.

Movant also testified at the hearing. He admitted that paragraphs 4 and 5 of the plea agreement were read and explained to him before he entered the plea and that Judge Jenkins went over those paragraphs again with him during the Rule 11 colloquy. Movant, however, testified that during his conversations with Mr. Horowitz about the plea agreement, he asked Mr. Horowitz to file an "appeal" based on ineffective assistance of counsel.

During oral argument, counsel for Movant agreed that the record demonstrated that the issue of whether Movant asked Mr. Horowitz to appeal did not relate to a request to file a direct

---

[1] The procedural and factual background underlying the motion to vacate are set forth in Judge Jenkins' Order and shall not be repeated here, except as necessary to place the dispute in context. *See* Docket No. 608. The facts set forth herein are those facts elicited at the evidentiary hearing.

[2] Plea Agreement. A copy of the Application to Enter Guilty Plea was admitted into evidence as Exhibit 2.

1  appeal of his conviction and sentence, but rather pertained to a request to file a collateral attack
2  on his sentence premised upon ineffective assistance of counsel.

## ANALYSIS

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a), (b).

The only issue presented to this Court for resolution on the motion to vacate was whether Movant asked his former counsel, Mr. Horowitz, to file an appeal. The Sixth Amendment right to counsel guarantees effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* two-part test also applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must satisfy two tests. First, he must establish that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Second, he must show he was prejudiced by counsel's errors. *Id.* at 694. There must be a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. The Court need not consider one component if there is an insufficient showing of the other. *Id.* at 697.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Failure to file an appeal, when a defendant so requests, is professionally unreasonable, even

3

if the potential appeal lacked merit or was contrary to the plea agreement. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1997 (9th Cir. 2005). If a defendant explicitly instructs his or her attorney to file an appeal and the attorney fails to do so, both prongs of the *Strickland* standard are satisfied. *See id.* "The prejudice ... is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Id.* As set forth above, the record in this case establishes that Movant did not ask Mr. Horowitz to file a direct appeal. Thus, to that extent his motion is DENIED.

However, crediting Movant's testimony, the record suggests that he did ask Mr. Horowitz to file a motion pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel, which would have been permitted under the terms of the Plea Agreement. However, Movant filed the instant motion asserting that Mr. Horowitz performance during pretrial and the plea proceedings was ineffective, and there has been no claim that the motion was untimely. Thus, the Court concludes that Movant has neither articulated nor demonstrated that he suffered any prejudice from Mr. Horowitz' alleged failure to file a 2255 petition. Because he has not established prejudice, his motion must be denied. *Strickland*, 466 U.S. at 697.

Accordingly, the motion to vacate is DENIED, and Movant shall be remanded to the custody of the Bureau of Prisons forthwith.

**IT IS SO ORDERED.**

Dated: August 21, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4